5-0-9-2-8 Crystal Clear Special Utility All right. Mr. Bates, you're on, sir. Good morning, Your Honors. May it please the Court. There's a laundry list of reasons that the preliminary injunction here should be reversed, but resolving this case by addressing how the District Court misapplied 1926B or improperly presumed essential elements of Crystal Clear's burden of proof would miss a crucial opportunity. The real central issue squarely presented here is that under Gregory v. Ashcroft, 1926B simply does not reach state regulators like the PUC. Because it does not, there's no such thing as a 1926B defense against state regulation. You need to speak up or something. Apologies, Your Honor. I will. I'm not used to how loud I am on the microphone. Apologies. Because it does not reach state regulators, there's no such thing as a 1926B defense against state regulation of an indebted utility CCN. Green Valley and North Alamo before it left this issue open, and Congress never meant 1926B to prevent states from regulating local utility monopolies that the states themselves define. It certainly never meant 1926B to shift that regulatory function away from the states to federal district courts, but that's effectively what the Western District has endorsed, given this court's silence. So it's time for this court to answer once and for all the key question that North Alamo and Green Valley left undecided. So let's turn it up. The correct interpretation, 1926B, excludes state regulators. How do we know? Because the Supreme Court has prescribed a clear statement rule, the so-called federalism canon of interpretation, that 1926B does not pass. Now, the paradigmatic case here is Gregory, but there's a clearer statement of Gregory's rule that comes in a later case, Pennsylvania Department of Corrections v. Yeske, where the Supreme Court phrased it this way. Absent an unmistakably clear expression of intent to alter the usual constitutional balance between the states and the federal government, we will interpret a statute to preserve, rather than destroy, the states' substantial sovereign powers. Gregory provides a clear example, obviously. So your argument is the issue that was left open in Green Valley, the statutory textual issue of whether or not regulators themselves can curtail, is obvious because... It's obvious because Congress did not address it. There is no clear statement, and as Gregory shows us, let me address that for a moment, if you would. The question there was about the Age Discrimination of Employment Act and whether it applied to state judges. The analysis in Gregory shows us the way the rule operates, and that is the absence of congressional intent, clearly stated, is determinative. 1926B litigation is all over the country, and as you're encouraging, should be more in Texas state courts. Courts like Mount, what is it? Mountain Peak. Has any court, state or federal, ever stated what you're stating to us, that we should construe it to mean the curtailment cannot be done by a regulator? So there are 60 federal appellate decisions, and that's the case body that I'm familiar with. Not one of them holds that 1926B extends to the state. Does any of them hold that it exempts a state regulator? No. This question has remained open since North Alamo noticed it the first time around. No one has addressed it, but the overwhelming majority of 1926B litigation goes between utilities and municipalities. It doesn't address, and this is one of the features of the Western District's docket that is relatively unique within the country, is they are suing the state regulator for exercising its regulatory function. That's exactly the type of traditional sphere that we presume Congress did not meet. And yet, am I right, and I appreciated this, on pages 33 to 35, you're saying the PUC is mistaken, that it shouldn't itself oblige. That is our position, and certainly I have had long discussions with the PUC and its council about how they ought to be interpreting the Water Code provision. They view it as a full stop prohibition. And you say, but correct me if I'm wrong, just for time, you say actually it's not a full stop. In fact, the federal and the state law can be harmonized. That's correct. And they should do it in the first instance? That is my belief. How do we achieve that so that the concerns that you may think are valid, that they say, well, at least there's got to be some way to vindicate the supremacy clause? In other words, if they can't sue the regulator, there's got to be some way that they can avoid what is a true curtailment. But I would push back on that very slightly. I want to get to your question, but the question that that presumes is whether the PUC acting is a curtailment within the meaning of the statute at all. Okay. And because so first of all. And we left this open in Green Valley. Yes, Your Honor. Absolutely. Okay. So Green Valley is pretty central to our decision here, correct? I completely agree. Okay. But I have a series of questions.  Because I'm assuming you two are very prepared. Green Valley has since in July, late July, been interpreted and applied in a published decision written by Edith Jones. Yes, Your Honor. Why didn't you 28-J that to us? Because this issue. Because they. Actually, again, Green Valley was. We're talking about Dobbin. Was not applied because Dobbin was a standing case. They determined.  But a lot of this is you yourself are saying this court didn't have equity jurisdiction. So a lot of the question here is when. When can a federally indebted utility actually complain? And jurisdiction features very significantly. And now, since you didn't brief and neither did they Dobbin. Well, my question is this. If you're right and you can't sue the PUC. But now we have Dobbin on the books, which says. Too late to sue the competitor. Once PUC has authorized the curtailment. That really sounds like the loophole. That's not a loophole. Because the PUC regulating the boundaries of a CCN. Is not a violation of 1926. And the involvement of the state. Acting in its regulatory capacity. Cuts off 1926 B's effect. What happens after that, whether or not there's. Let's say you were representing crystal clear. And let's assume they have no pipes in the ground, Yes. So I know you're disputing that. But, but. So they literally, they really are. They, the government gets protection for its debt. If there's any reduction of its service area. When can they step in and assert the conflict preemption? My first answer is. When the PUC does it. There is no preemption. Because 1926 B simply does not. Encompass the regulatory. The exercise of the regulatory function. When the PUC, let me, let me put it very simply. When the PUC does it, it's not a curtailment. Within the meaning of the statute. The statute doesn't just say. Shall not be curtailed or limited. It says shall not be curtailed or limited by. Part of our argument. No state court, no federal court has ever exempted regulators. And now you're saying when you pair it up with Dobbin. That means they can never assert federal law supremacy. I disagree with that. Okay, but when then? Just tell me practically how they could. When they sue a. 1926 has a large field of scope. Remaining after you say, hey, the PUC is not involved. Any time that a. You know, if the, if the city of Sagin hauls off and decides to start. Providing service willy nilly and crystal clears district. They can go to federal court and get an injunction. But now we just writing a blueprint. The city gets to go to the PUC and says, why don't you cleanse it for us? Because then it's not review. That's not this court writing a blueprint. That is Congress. By having failed to clearly identify. It's intent to intrude on what is a core state regulatory function. That's exactly what Gregory tells us. Let me give the court an example. In researching this case, I found. We do not have an application of Gregory to 1926 itself. But we do have the next best thing. The application of a parallel clear statement rule. So the case is Freemanville water system. The porch band. It's an 11th circuit case from 2009. This is in your brief. It is not. I did not find it. You have limited time. I mean, unless this is the other. I believe you didn't brief it. I have too many questions on things. You did brief. So. You're opposing counsel, for example, cited Pittsburgh County. Yes. In there. If you don't discuss in your principal brief. You don't discuss in the reply brief. Do you agree with that? Or would you say that's a flawed decision?  Pittsburgh is right. As far as it goes. But here's the distinction. In Oklahoma. The state has delegated its state regulatory function. To local government entities. We do not dispute. 1926 B applies to local governments. Okay. So this is consistent. Your argument is just Texas has. I'm going to phrase it aggressively. So push back. Texas has eviscerated the supremacy clause. Because it told its regulators. You can't respect federal law. And now, in turn, you're saying Congress forgot to say. They're included too. I. Is that. No, I do. I am going to push back.  The first question. Is whether or not. 1926. And the preemption, again, is not about what Texas intended. To tell its people. It's what Congress intended. And that comes from the statutory text. There is no clear indication. No direct, specific, unequivocal indication. In the text of 1926. To indicate Congress. Meant to get to state regulators. In that context. We have to assume they did not. I thought you're. You're more. The argument that. I found. More authority to support. Is that. It does apply. These. These. Utilities have to have. Their loans protected. But state law. Not federal law. Not requiring an interpretation of federal. But state law. This provision. 2541 or whatever. That can be interpreted. As you put in your brief. Several ways. One of which is. That. You just don't. It's not. The North Alamo rule. It's not a presumption. Just because they got the CCU. Instead. You've got to confirm. First. They are giving service to the area. Why isn't that. The logical reconciliation. As opposed to this. Aggressive. Texas is. Outside of federal. Orbit. So. The. The reason. That I think. That the. Statutory construction case. Is probably. The more important one. Is. Is. First of all. You're. It's a pure. Statutory construction. Question. Instead of preemption. Which is ultimately. An application. Of the supremacy clause. Therefore. Constitution. So. It's a matter. Of constitutional avoidance. I think the statutory. Question. Comes first. Second. I will. Candidly. Admit. That's not. How the PUC. Is applying. Thirteen. Two. Five. Four. One. D. I think they're. Mistaken. I think. Part of the reason. That this is. Undeveloped. By the Texas courts. Is because the western district. Has taken this over. Yeah. And. There. There simply. Is not the litigation. Going through. The Texas system. Well. And I was sympathetic. And I have a bunch. A few questions. And I don't mean to dominate. But I'm. In your brief. In the principal brief. You said. You mentioned. Pullman abstention. And then you mentioned. Younger versus Harris. Then when we get to the reply. Brief. You're talking about. Yet more abstention. Doctrine. Do you recall. On page. Eight. You quote. Burford. Yes. And. You're.  A lot of that. Seemed fairly. Concerning to me. Convincing. And I'm going to ask. Opposing counsel. About that. But that's. You. Disputing that this court. Had equity jurisdiction. Because it should be decided by state courts. So where does that take us. Logically. Logically. I believe. That we should. That. This is. If. 1926. Applies to the PUC. These issues. Should be raised. In response. To a release petition. Before the PUC. My read. Of the water code. Says. The PUC can dispose. Of the vast majority. Of these instances. The two cases. They're not. Perfectly aligned. But they're aligned. Enough that. When. When a. Property is receiving. Water service. It is having service. Made available. Conversely. When it's not receiving service. It's not having service. Made available. And. In either of those instances. The PUC can act. It's. When there is some. Theoretical conflict. But you see the direction. Of mine. Picking up on. Multiple abstention. Arguments you are making. In your briefs. Sensitive to the fact. That federal courts. Shouldn't intrude. Into complex. Regulatory areas. Like Texas water code. Why. Wouldn't we. Dismiss. The case. To let the state courts. Do just what you're asking. Us to let them do. I actually. Made exactly. That similar pitch. To judge. Ezra below. And. If that's what the court. Wants to do. I have no problem. With that. The only. Concern. That gives me.  Again. It kicks the can. Down the road. I agree. On the question. That Green Valley left open. And. Leaves that to the Texas courts. To resolve. As a matter of federal law. Judge. Judge Jones. In Dobbin. Is really saying. That's where it ought to be. That's exactly. Your argument. Her point. I think. Is that the application. Of 1926 B. Should be done. Through the Texas courts. The meaning. Of 1926 B. Is an appropriate question. For this court. To answer. I would submit.  If the reasoning. Of. They don't. The court below. Does not have equitable. Jurisdiction. To enjoin. Because of abstention doctrines. Or any other basis. I'll take that. Yeah. Yeah. It's difficult. Thank you. Keep going. I'll ask you a million questions. No problem. Your honor. I really would. And. Again. Let me throw myself. On the mercy of the court. I apologize. For not having found. A framing bill. But I think. It's very important. For the court. To consider.  Well. Good. Give us the site. The site is 563. F third. 1205. The case there. Is that a utility sued. An Indian tribe. Did you give it to them. I have not. I only found this. In preparation. For oral argument. Apologize. And I do not. I. I'm sorry. 563. Federal third. What? 1205. I have not. Okay. So. Utility Susan. Indian tribe. Under 1926. B. Claiming its services. Being curtailed. The tribe responds. By pleading. Sovereign immunity. And so. The 11th. Circuit applies. A literally. Parallel. Clear statement. Rule to the one. That we're advocating. For. To decide whether. Congress intended. To abrogate. And here's what they said. Ambiguity. Is the enemy of abrogation. And the critical part. Of 1926. B. Is ambiguous.  The statute. Silence about. Who it reaches. Does not clearly. And unequivocally. Demonstrate that. Congress intended. 1926. B. To encompass. To reach. Indian tribes. And thereby. Imply abrogation. And. If your honors will allow me. The only thing. That is unmistakably. Clear to us. Is that. The statutory language. Does not make it. Unmistakably. Clear. That it applies. To tribes. And the same thing. Is true. About whether that. Same. Language. Covers state regulators. I will reserve the balance of my time. Thank you sir. All right. Mr. Green. May it please the court. So. At the outset. Had you read. Dobbin. Yes. I have read. Why not. 28 J. It's an application. Of Green Valley. I'm just. Startled. Both sides. Would think. Wouldn't alert it. To us. But. You think it. You think it has. Zero relevance. To the discussion. The. The court. In the Dobbin case. Did not hold. That you can't. Sue the P. U.C. That's true. Free. De-certification. What the court. In Dobbin held. Was now. That there has been. De-certification. There's nothing. Redressable. Right. For the federal court. To do. But that's. Their right on their interpretation. 1926. And Dobbin's right. As to. You can't go after the competitor. When are you supposed to vindicate. 1926 B. We. You do exactly. What we did here. You go to federal court. And get a preliminary. Injunction. To stop the. De-certification. From happening. In the first place. That's what you need to do. Because under Dobbin. If you fail. To do that. Well now. Under Dobbin. But you didn't even. Brief Dobbin. We didn't know that. That's right. We didn't know that. But we made the correct. Strategic call. It turns out. If. Unless. Unless this case. That they. Didn't brief. Says what they said it does. Which then would argue. Almost an anti-commandeering. Type thing. Which is. Congress never expected. To sort of push out. Texas. Water regulators. It sounds like. And I. I'm not familiar. With this case. And never came up. In my research. All the searches. I did. Under 1926b. I'm not even certain. What circuit it is. But it sounds like. That's a situation. Where we're not. Talking about. Municipal. Competitors. Or similar. Providers. The PUC. Isn't a municipal. Competitor. That's exactly right. But the PUC. Is coming in. And curtailing. So that the municipality. Can serve. And so. That's what's happening. In the. In the PUC.  I'm going to correct you there. Factually. Am I right? We don't even know. What the PUC. Is going to do. All we've got. Is a staff recommendation. To decertify. But they may do. Just what. Eventually happened. In mount. I can't remember the name. You didn't brief it. They did brief it. So it's not in your brief. So I don't have any insight. What you think. You know the case. I'm talking about. Is this the mountain peak case? Yeah. That's. That's an important case. Here. The PUC. The PUC. And. And. I represent. Multiple utilities. On this issue. Our firm does. In front of the PUC. And under these circumstances. They have never denied decertification. They view it as. We have to decertify. As long as the utility is not present. That's how they interpret 2541. That's exactly right. And so. We know that. How does that. Here we just have a staff recommendation. There's a lot of flux. Post Green Valley. Can we. Federal courts. Intrude at this point. We don't know. That you're going to. It's. You're telling us. Because you represent these people. That you never win. But.  We do know. And we establish. The substantial likelihood. That. That would happen. And here's why we know. Prior to entering the TRO. Wait. When you say you establish. The substantial likelihood. Am I correct? Judge Ezra. It's only 13 pages. He never finds. Substantial likelihood. Of irreparable harm. He presumes that. Is that right? No. I disagree with that.  But. But here's what actually. Happened. At the TRO level. Judge Ezra. Asked the PUC. Are you willing. To stand down. And not grant this. So that we have time. To go through this. And do the preliminary. Injunction process. And the PUC said no. And so the PUC. Informed the court. That it was going to proceed. And in fact grant. The decertification. That's what they do. That's just. You just add. And in fact grant. Is that your words? Or did they say. And grant. That's important.  Right. I don't. I don't have the transcript. But that's my recollection. Of what happened. At that hearing. And again. We go to this. Substantial likelihood. Of prevailing on the merits. Part of that. In order to establish. Standing. We show that. They are threatening. To curtail. And so we can look. At the PUC. Conduct. That under. The circumstances. Of this case. The PUC. As a matter of course. Always grants. The staff. In fact said. Yes. PUC grant. And that is in fact. What was going to happen. As a practical matter. And so we know. That curtailment. Is coming. Just based on. Based on history. Based on the staff. Recommendation. And based on the PUC. Saying. We're not standing down. We're moving forward. And then we also know. What happened afterwards. Is the PUC. Continues. To defend. The. The curtailment. That's coming. They're not saying. To the court. Oh. But we weren't planning. On curtailing. At all. Representing. The PUC. Officials. They're saying. We think. We should be able. To curtail. They're moving forward. So. Back to. Back to. Dog. They might grant. A decertification. On grounds. Unrelated to. On 1926 B. They might just say. We've looked at the facts. It's very intensive. And you. Don't have. You aren't servicing. In this area. With water. Well they always grant. Decertification.  1926 B. Because. Texas law says. Number one. Ignore it. And number two. You decertify. As long as there's no. But my point is. They could decertify. Without. Presenting. This. Federalism. Issue. Right. And that's the conflict. Federal law. Says. Do not curtail. Right. State law. And the state agency says. We're going to curtail. And we're curtailing it. So. That's why we have. Conflict preemption. Because. We have an absolute prohibition. Well. You've. You've. Described. What you think. State law says. We're going to curtail. But it's. It is a little more nuanced. It says. You may not. Deny it. Based on. And so. Why couldn't that be read. As opposing counsel. Suggesting their brief. Which it means. It's just not the old. North Alamo. Row. It's not a presumptive. Denial. Period. If they have the CCU. Now. You've got to look at the. Fact questions. First. And then. Consider 1926. Well. As they can see. That's not how the PUC. Interprets it. The PUC. Does interpret it. To mean. We don't consider it. At all. Where in this record. Do we have that. As. Because. Mount. Again. I can't remember the name. And. Mount. Mountain Peak. The state court. Isn't acting. As if the PUC. Has that. Absolute. Rule. They consider. The 1926. B. Issue. They did. But. Not. As. An administrative. Review. Of any decisions. The PUC. Made. The court. In Mountain Peak. Was very clear. In what it was doing. That this. Is not a decision. That the PUC. Made. But it's an independent. Claim. Under federal law. That the utility. Is entitled. To federal protections. So. That's what's happening. You have. Two states. Federal court. State court. With parallel jurisdiction. Over this issue. And. A federal court. Has an unflagging. Duty. To consider. The cases. Within its jurisdiction.  Has an equal duty. To vindicate. The federal constitution. Yes. And it sounds like. From the one case we've given. They know that. We all may be talking about. The PUC. Has decided to interpret it. Badly. But is there a state court. That has. Similarly. Said there's a physical. Impossibility. To comply with the two. That's what we need. For a conflict. Preemption. Um. Has any state. Texas state court. Actually said that. No. Uh. And I agree that state courts. If we were to file this claim. In state court. They would have an unflagging duty. Yes. To consider it as well. Yes. So why not file it there? Because. Under. Under NOPC. Under the U.S. Supreme Court. Case of NOPC. The fact that the state court. Would also have an unflagging duty. Doesn't detract. From the federal courts. Unflagging duty.  It's virtually unflagging duty.  But. Because preemption. And I know you want to keep talking. But I. But. Then you're getting sort of close. To what he said. He'd accept as an outcome. Which is we abstain. You don't lose the case. In federal court. But we acknowledge. It's a complex regulatory structure. And let's get a state court determination. And. What's. What's wrong with that? Because you. I think you only answered it. In footnote seven. With no authority. The first response. On abstention. And in fact. Really. All of these supremacy arguments. Is that was never raised below. They never. I know. But it's before us. We. Abstain. So the court. Doesn't have the record. On abstention below. But when we look at the concept. Of abstention. There is no. Court. There is no federal court. In the country. That in the nineteen. Twenty six B. Context. Said we need to abstain. And let the state court. Decide. Well we're the fifth circuit. That's. And there's no. And no court has done that. Is really exploring. States rights. And federalism.  Let's talk about. Pullman abstention. Wouldn't all three elements. Be met. We have a state law. Clash. With the constitution. The state law. Is definitely not clear. How to interpret. Twenty five. Forty one. And third. Clarity. Would obviate. This. Seems like. All three elements are met. I don't think that the key. As in Pullman. Is state law interpretation. The key. Is federal law interpretation. Does it. Preempt. The state law. So. This is not a Pullman. Situation. What we're really arguing about. Is well. What is the scope. Of the Texas law. What we're arguing about. Is. Does conflict. Preemption apply. Now this is important to say. Because. The briefing. In their briefing. They said the only thing. We're challenging. Is thirteen point. Two five. Four one. D. As far as preemption. We're saying. The whole decertification. Is preempted. By federal law. Because. Federal law. Says don't curtail. We satisfy federal law. We satisfy. We're making service available. We can provide service. Within a reasonable time. After request for service. Judge Esper found that. That's right. But. Under the standard review. For preliminary injunction. That's not clearly erroneous. So. We are providing. We are making available. Water service. That. That's the context. We're talking about. The federal law. Says in that. Situation. The service area. Shall not be curtailed. Or limited. It does not limit. It. To certain actors. It's. A broad. Prohibition.  And on that. On that point. You have effect. Since there is a lot of 1920s. There's an ALR on this. There's a lot of litigation. Do you have any other circuit. That's ever applied it. To a state regulator. Uh. No. And I think the reason why. Is because Texas. Is the only state. That passed a law. That said. PUC. Ignore federal law. That gets me back to. That's the law. We need to have interpreted. Because. We tend to avoid. Constitutional decisions. One way. Would be. To actually ascertain. Whether that law. Means. What you say it means. It's already been interpreted. The Mountain Peak. Court held. That. The 1926B. Issue. Just looks. At this present capability. Concept. The. The state law. On decertification. Just looks at. Are there actual.  That are directed. Towards it. So. The state courts. Have already said. What these laws. Mean. And in our situation. The federal law. Says don't curtail. And the state law. Says curtail. That's been. That's already been decided. I think what your honor. Is getting at. As far as. What hasn't been decided. Is how do we. Work with a subsection. D. That says. PUC. Ignore the federal law.  I don't read. D. To say. Go ahead. And curtail. Right. That's right. It's. It's the. It's B. It's the decertification. Statute itself. That says. When you meet. These criteria. PUC. You need to decertify. What. D. Says. And ignore federal law. If it's contrary. And so. We are seeking. To strike down. D. Because it's only application. Is in conflict. With the supremacy clause. But. Our preemption argument. Goes at the decertification. Itself. That's why we're seeking. An injunction. Not just against. Subsection. D. But against. The PUC. Actually. Curtailing. The service. Area. When federal law. Says. You can't curtail. It.  Going back to the. Abstention question. It does not meet. The factors. Because the key question. Before the fifth circuit. On these nineteen. Twenty six. B. Issues. Is our satisfaction. Of the standard. Under federal law. Are we making. Service. Available. And if we meet. That standard. Federal law. Applies to say. It shall not be curtailed. Now. That concept. Of shall not be curtailed. And does that extend. To a state. The. The. Appellant. References. A footnote. In U.S. V. Brown. That talks about. A general rule. That says. Well. If it. If it doesn't mention. The state. We make a presumption. That it doesn't apply. But then. In the very next sentence. This court. Gave the exception. To that. Which is when. The extension. Of that law. To the state. Government. Is in the benefit. Of the federal. Government. And the public. 1926. B. Case law. Consistently. Across the board. Looking at statements. Of congressional. Intent. Has held. That the purposes. Of 1926. B. The reason. Why curtailment. Is prohibited. Is because. We're defending the federal. Government's. Interests. And loans. And because. Of the public interest. In all the rural. Customers. Who are hoping. To benefit. By. Those additional. Members. In that property. Closer to the city. So it's clear. That. When we have that. Shall not be curtailed. That broad. Shall not be curtailed. Or limited. That. Applies. To state. And like your honor. Said. In questioning. Appellant. Otherwise. It's a. An enormous. Loophole. And this court. Has consistently said. We're not going. To allow. Loopholes. In the protection. Of 1926. Speed. City of Madison case. Unambiguously. Prohibits. Any curtailment. Or limitation. In favor. Of the city. Post oak. In 1996. Judge king. Was on that panel. That. There are no exceptions. In the statute. Against. This curtailment. Prohibition. Seventh circuit. The jennings case. Strong language. Of the statute. Prohibiting curtailment. The mccallister case. In 2004. Any local. Or state. Action. That would operate. To curtail. The service area. In favor. Of a city. You do represent. These rural utilities. A lot. Yes. You know of any. That have actually defaulted. On their federal law. None of my clients. Have. I can say that. For sure. That's the risk. That's the risk. Because under. Under that argument. If this didn't apply. To the state. Then conceivably. A city could extend. Its boundaries. All the way through. The rural utility. De-certify. The entire area. And then the utility. Has no assets. Left. With which to pay. The loan. That's conceivable. Under that argument. It doesn't extend. To the state. The loophole. That they're trying. To accomplish here. Is. They bifurcate. The competition. Into two. The puc. Comes in. And curtail. Saying well. We're not subject. To the statute. We can do it. And then the city. Comes in on its heels. And starts providing. Service. That loophole. Only works. And I may not.  We haven't had briefing. On Dobbin. That loophole. Really only works. If Dobbin. Stands. In its present. Statement. Correct? Because. But for Dobbin. You would be able. To sue. When. The competitors. Then tried. To take their puc. Approval. The. I think the impact. Of Dobbin. In future cases. Is still unclear. What. What we know. From Dobbin. Is that. If we hadn't. Obtained the preliminary. Injunction. To stop. The decertification. We would not. Have a. Redressable. Harm. Against the puc. Thankfully. This is not. That case. Fortunately. Was correctly. Decided. I think. That the court. In Dobbin. Missed. One key point. And I think. That was. May have been. Because. I don't think it was Texas. Council. Representing. The utility. I don't know. But they missed. A key point. About the. The. Review. Of the agency. Action. That the puc. Was actually. Still. Enforcing. The decertification. At state court. So they weren't. Finished. With the decertification. Process. That's the one thing. I think the court. Missed. But I agree. With Dobbin. That when the puc. Is done. With the decertification. A city. Can serve. Without having. To get puc. Consent. That's true. And so. That's why. It's so critical. In these cases. To get the preliminary. Injunction. To preserve. The status quo. So that. We still have. Redressable. A redressable. Relief. Against. The puc. Officials. Under. Ex parte. Young. So. All of this. The point. Being. On all of this. Is the case law. The text. Everything. Points towards. Yes. The puc. Is regulated. And. The state. Decertification. Is conflicting. With the federal protection. Against decertification. One quick point. On that. That I don't want to lose. Sight of. The spending clause. That's the basis. For the federal. Power here. To tell states. And localities. You can't. Curtail. The Texas. Legislature. Has enacted. A statute. Texas. Water code. Forty nine. Point. One. Five. Three. That allows. Its utilities. To take. Federal debt. Having done. That. They can't. Turn around. And say. But we. Can curtail you. Because we're the state. Government. They accept. The money. The state. Of Texas. Has enacted a law. That accepts. The money. They have. To take. The prohibitions. Under nineteen. Twenty six. B. That comes. With that. Nineteen. Twenty six. A money. If the state. Of Texas. Doesn't like. The federal law. The federal protection. Against curtailment. The answer. Is not to pass a law. That says. They can just ignore. That protection. The answer. Is to repeal the law. That allows. Utilities. To take federal debt. If you don't want. The protections. If you don't want. To be. Kept. From curtailing. Then don't let. The utilities. Take the federal debt. In the first place. But I thought. At the same time. They were saying. They definitely know. They owe. Fair compensation. Well. My experience. In the P. U.C. To date. Is that. They don't provide. Compensation. Based on the federal loan. And what essentially. Would be happening. Is the federal court. Would just have to be trusting. That the P. U.C. Could very easily. Find.  It wasn't compensated. At the state court level. And it can't be repaid. Because the utilities. Service area. Has been curtailed. That's the problem. With that sort. Of approach. So.  S. D. A. Be in this case? By. They certainly could be. What's interesting. About this case. Is the U.  D. A. Isn't here. And the P. U.  Is not standing up. Representing. The federal government. Nor does it have an attorney. Representing. The state government. And I would again. Point the court. To the fact. That these issues. Were not raised. In fact. These issues. Of supremacy. They were raised. By the P. U. C. In its response. To the motion. To dismiss. Not. On the preliminary injunction. And so. For the court. To take this up. For the first time. It would essentially. Be allowing. A motion. To dismiss. To be considered. On interlocutory appeal. Just like. The en banc. Court. In Green Valley. Looked at the issue. And said. We don't need. To decide that now. Send it back down. To remand. And let the proceedings. Continue. This court can do that. On this issue. Of supremacy. As well. Wait. Spell that out again. Yeah. Certainly. So. The en banc. Court. In Green Valley. The majority.  Had the ability. To decide. This issue. They opted. Not to. And it. From the case. It appeared. The reason why. Is because. There were still. All these issues. To be decided. Down at the district court. They looked at. Just the making service. Available concept. Now let the district court. Hash out these issues. The same thing. Can apply here. These are. These are very significant. Questions. As far as. How would we get them. Hashed out. Particularly. How would we get. State courts. To hash them out. First. Well. No. As far as. The federal law. And supremacy. Clause. And then. Should. Given. The strength. Of the supremacy. Clause. Is abstention. Appropriate. And in order. To decide. If abstention. Is appropriate. There's these factors. That would need. To be considered. And we haven't. Had the opportunity. To go through. Those factors.  Again. This. This was not raised below. The PUC is not here. In the first place. Dobbin doesn't speak to it. Because Dobbin. Was speaking. Just in the context. Of a post. De-certification. Level of relief. It's critical. To end. It is critical. That federal courts. Have the power. To enforce federal law. And the answer is not. State courts can do it too. The answer is. Because it's a federal law issue. The federal court. Should step in. And decide. When the case is before them. That. That. The. Supremacy clause. Applies. Conflict preemption. Applies. Because. We are making service available. Our service area. Can't be curtailed. We've had. Multiple opportunities. To vindicate federal law. On this provision. And this court. Hasn't. This. This court. Has absolutely. Vindicated. Vindicated. Federal law.  In Green Valley. It remanded down. But it set. But it set. The standard. That needed to be considered. In the context. Of the PUC. Being a defendant. Same thing in Doven. PUC was a defendant. The court didn't say. PUC is not a proper defendant. Same thing. In all of the. State court. Cases. Against the PUC. The Mountain Peak. For instance. PUC is there. As a defendant. The court doesn't say. Wait a minute. The PUC is not subject. To this law. Instead. They decided the issue. Based on. The merits. Not on. PUC is not subject.  We would ask the court. To hold. There was no. Reversible error. Here. And to affirm. The grant. Of the. Preliminary injunction. All right. Before you leave. Since we've had. The issue. Of the. Freeman. Bill. Which I thought he said. Was from the 11th. Circuit. That. Only came up.  With. An argument. And then. Dobbin. As well. So. He's coming up. For his. Rebuttal. But. For my eyes. It seems. Warranted. That. Post the arguments. That. You all file. A letter brief. At least. Addressing. Some of. Arguably. What's been raised. Today. As well as. You know. The cases. That are wet ink. And all that. And. And do that.  Any of them. And he's still getting his rebuttal. But I'm just. You know. It's a. Important issue. To put it mildly. But I mean. Sort of a moving target. Near a lot of. Other pieces in it. And what we have below. Is the issuance. Of a preliminary. Injunction. You've got this tension. Between federal. And state. Et cetera. Et cetera. So. There's a lot of. Subterranean. Issues here. That need to be clearly. Fleshed out. So the panel knows exactly. What we need to decide. And don't need to decide. At the end of the day. Okay. So. Anyway. Thank you for your argument. All right. Come back up. Counselor. That was not meant to. Pre-admit your rebuttal. But just before I forgot. Before I forgot to say it. If I might. Just. Offer my apology. Again. For not having provided 28J. On material on this. I'm a little gun shy. Of having. Of doing so. Having been chastised. By prior panels. For raising things. After the briefing. Is done. So I apologize. But if it's an intervening case. Absolutely. That was two weeks ago. And this is. Dobbin. In my assessment. Because it was on the standing issue. And I. I appreciate that the court. Would have preferred. That we brought it up. And again. You have my apologies. It's no harm. No foul. And it's axiomatic. You take your panels. Like you're fine. You know. And you research your panels. Just like. Folk research them. You know. And I know that. So. You know. When you figure out your panel. You go for it. I just leave it at that.  Let me. But at any rate. It's better for us. To have the information. Before hand. But anyway. We know. But that's again. That's why we argue in the case. So we can. Figure it out. So. Let me begin by. Talking about the PC's position. Because I. I recognize the fact. They're not here. Is a little surprising. The PC made it's position. On this. Perfectly crystal clear. To the district court. Below. 1926 B. By it's plain language. Does not prohibit. A state regulator's release. Of property. Pursuant. To the requirements. Of state utility law. Record. 457. If you want. To see. What the PC. Tells this court. I would commend. The appellee's brief. That they filed. In the Dobbin case. Where they make. The same kind of statements. 1926 B. Does not require. The commissioners. To consider federal indebtedness. When we're entertaining. A release petition. You've said. That's wrong. No. 33. No.  No. No. No. 1926. Does not require. Them. To consider. Federal indebtedness. Because. The PC. Is not covered. They're not talking. About the water code provision. Your honor. They're saying. The PC. Is telling this court. In the Dobbin brief. That they filed. 1926. Does not apply. To state regulators. It is exactly. The same argument. That we're making. So. To the extent. That there's any concern. About the PC. Again. 33. To 35. You keep saying. PUC. Is mistaken. About the meaning. Of the water code. Provision. Oh. No. I think you say. The 1926. B defense. Should be considered. By them. If it applies. To the PC. At all. Which we reject. And. If the court. Helds. Holds. As a matter of. Definitive construction. Of 1926. B. Then yes. The PC. Should consider it. I guess. I come back. To my first question. If you were representing. These rural utilities. When do they get. To have 1926. B. Vindicated. As against. The PUC. They do not. But then. If the house. Right. Who can they sue. As against. The PUC. Against regulatory. Action. Engaged in. By the state. In its regulatory. Capacity. 1926. Does not reach. That it. You guys. Keep. Assuming. That it's. And you're. Telling me. Since you can't. Go after the PUC. How do you protect. Your service area. What's your legal advice. To me. As against. The PUC. Is left. By 1926. B. With full discretion. To regulate. The boundaries. Of CCNs. Because Congress. Did not. Reach. The state. Regulate. And eliminate. The collateral. The federal government. Has. I. Take.   For instance. What's the answer. To that question. I don't believe. That there is. The risk. Of. But they could. Legally. On your theory. Yes. I will. I will. I'm going to. Put a snake. In the ground. On that. It's unfortunate. But. You know. It's not. As a theoretical. Consequence. The spending. Clause can't. Tell them.  No. It is not. I am not arguing. Congressional power. I'm arguing. That Congress. Did not. Exercise it. In this. In a particular statute. We are not. Making a constitutional. Argument. Saying Congress. Can't do this. We're saying Congress. Didn't do this. And that goes to Gregory. I apologize. I see that I'm out. If I may. Give him. Madam Clerk. Give him two minutes. Thank you very much. Your Honor. First of all. The liberal. Construction. Principles. And that's exactly what. We're talking about. About protecting. Purpose based. Liberal construction. Principles. They don't trump. Gregory's rule. And we can tell that from. Gregory. Itself. Gregory's about the. A.  E. A. It is a remedial statute. It is given. A broad. Liberal construction. For similar reasons. That we have this here. But we can tell. From the fact. That the Congress. That the. Supreme Court. Still insisted. On a clear statement. Means that liberal. Construction. Cannot trump it. It. Also means that. When we're talking about. Whether the scope. Of a federal statute. Encompasses. Or intrudes. On this traditional. State functions. Liberal. Construction. Doesn't define. That scope. What defines. That scope. Is Congress's. Actual text. Here. The statute gives. A what. Non curtailment. A how. By. Particular methods. And it leaves. The who. Silent. At best. That's ambiguous. And here's what. Gregory says. About. Ambiguity. Oh. If I can find it. In the face. Of ambiguity. We will. Not. Attribute. To Congress. An intent. To intrude. On state. Governmental functions. That. Ends. The inquiry. Congress. Did not say. Any. Municipality.  Or state regulators. Shall not curtail. It said. Nothing. That tells us. It gets. That curtailment. Gets. To state regulators. In the first place. So when the PUC. Manages. CCN. Boundaries. In the. Using. Universal. And. Neutral. Criteria. For. Regulating. In its regulatory. Capacity. Congress. Didn't. Mean.  Reach. That. That's. That's. Just. The simple. Fact. Of it. Now. I will say. On. The question. Of preemption. If the court. Decides. To go down. The preemption. Route. In addition. To. The question. About. The proper. Construction. Of the water code. Provision. There's. The ultimate question.  Is this an. Unacceptable. Obstacle. At all. And I would commend. To your analysis. The district. Court's opinion. In Green Valley. Itself. Where Judge. Sparks. Looked at this question. And said. Simply. Delaying. The consideration. To state courts. Where we know. That they're going. To take this issue up. He didn't say this word. But it's effectively. It's a speed bump. Not an. Unacceptable. Obstacle. And the case. That we. Argued. That same principle. Under. In our brief. Is the petroleum. Exploration. Case. The PSC. Of Kentucky. Decision. From the Supreme Court. The holding there. Is on irreparable harm. But I think. It's illustrative. Of saying. This is not a problem. To leave. These questions. To the state court. Even if. It's arguably preempted. Thank your honors. Appreciate the time. This morning. All right. Thank you. Counsel. As I. Averted. To. Kind of. Directed. Then. Ten days. Counsel. Files. Simultaneous. Letter briefs. Not strictly. A 28. J. Because that's just citing. The cases. But now that you've. Fleshed it up. You've heard the questions. From the panel. Et cetera. So. Simultaneous. Letter brief. Inclusive of. Dobbins. Freemansville case. And any other. Abstention. Abstention. You know. In the brief. I mean. Object. We just want to get it right. And so. You know. There's. A tension. Between all these doctrines. Now that you've heard the questions. You kind of. Know. To. Flesh those out. As well. And we have sort of the. Oddity. I guess you will. Two very important parties. Not in the case. P.  The government's not here. P. U. C. So. You know. We're. A little. Cabin. Well. Concerned about. What we say. And I always say. Particularly. Because of the nature. Of the way it comes to. But we are very mindful. That it's up here. On the issuance. Of a preliminary. Injunction. Which. These days. Seem to be radioactive. In the fifth circuit. I shall say. It's my terms. But they're radioactive. In every sense. Of the word. So. We're very sensitive. You know. In terms of trying. To get it right.  It's helpful. That you're giving to us. Kind of. The on the ground. Of what. Happens. Because otherwise. This is sort of an abstraction. For us. But because y'all do this. It's helpful. For us to. To kind of know. So. What did I say? Ten days. Not more than. I don't know. I'm going to trust. Your judgment. Don't rewrite. These. Okay. So. I'm going to put a page. In it. For just. To be reasonable. It's narrowed down. Don't reiterate. What's in here. But mainly. These new cases. And the nuances. Of the issues. Raised. And that'll be helpful. Okay. Once those are. Filed. The case will be submitted. We'll get it decided. As best we can. Okay. All right. That completes. The cases. That are documented. For this morning. Those. Along with the. Non oily. Argued. Cases will be submitted. Having said that. We are adjourned. The West Coast. Courtroom. Panel will be. In recess until 9 a.m. In the morning.